UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:08-cr-0096 (H/F) |
| ) | |
| TRISTEN ANTHONY BAKER, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable David F. Hamilton, Chief Judge, on September 2, 2008, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on August 28, 2008, and to submit to Judge Hamilton proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held on February 19, 2009 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*. Mr. Baker appeared in person with his appointed counsel, William Dazey, Office of the Indiana Federal Community Defender. The government appeared by Brad Shepard, Assistant United States Attorney. U. S. Parole and Probation appeared by Chris Dougherty, U. S. Parole and Probation officer, who participated in the proceedings.

On February 19, 2009, the Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. William Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Baker in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition was provided to Mr. Baker and his counsel. The Magistrate Judge summarized the specifications of the alleged violations and, further, Mr. Baker and his counsel informed the Court that they had read and understood the specification of violations and waived further reading thereof.

3. Mr. Baker was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Baker would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Baker had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. If the preliminary hearing resulted in a finding of probable cause that Mr. Baker had violated an alleged condition or conditions of him supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Hamilton's designation entered on September 2, 2008.

7. Mr. Dazey stated that Tristen A. Baker would stipulate there is a basis in fact to hold him

on the specifications of violations of supervised release set forth in the Petition. Mr. Baker executed a written waiver of the preliminary examination, which was accepted by the Court.

8. Mr. Baker, by counsel, stipulated that he committed the specified violations set forth in the Petition, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |
| | The offender's current whereabouts are unknown. The probation officer has made numerous attempts to locate the offender since July 29, 2008, including several attempts at home contacts. The offender's last known cell phone number has been disconnected since July 29, 2008. Appointment notices for scheduled office appointments on August 18, 2008, and August 20, 2008, were mailed to the offender and left at his residence, but he failed to appear for either appointment. On August 21, 2008, this office found the offender's residence being cleaned out by the landlord, as Mr. Baker had been evicted for failure to pay rent. The employee for the realty company advised the offender had been at the residence on August 20, 2008, received the probation appointment notice taped to his door, and subsequently vacated the premises with no forwarding address being provided. |
| | This officer learned on August 24, 2008, that the offender had been terminated from his employment on or about August 13, 2008, but failed to notify the probation office of this information. |
| 2 | **"The defendant shall submit to an evaluation for substance or dependancy as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependancy which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The** |

        **defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay."**

        The offender failed to appear for five random urine screens on: July 16, 2008, July 25, 2008, August 12, 2008, August 14, 2008, and August 16, 2008. The offender failed to pay any amount toward his $150 substance abuse co-payment fee.

3       **"The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month."**

        The offender failed to submit monthly reports for June and July 2008, and has failed to report to the probation officer as directed.

The Court placed Mr. Baker under oath and directly inquired of Mr. Baker whether he admitted violations of the specifications of his supervised release set forth above. Mr. Baker stated he admitted the above violations as set forth. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

    1)    Mr. Baker has a relevant criminal history category of III. U.S.S.G. §7B1.4(a).

    2)    The most serious grade of violation committed by Mr. Baker constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

    3)    Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Baker is 5-11 months.

The parties agreed on the appropriate disposition of the case as follows:

a.    The defendant be sentenced to a period of confinement of 90 days in the custody of the Attorney General.

  b. Upon completion of confinement, the defendant will be subject to two and one-half years of supervised release, under the same conditions previously entered at the time of sentencing..

The Court having heard the evidence and/or arguments of Mr. Baker, his counsel and the government, now finds that Mr. Baker violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release.

Mr. Baker's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 90 days, with two and one-half years of supervised release, under the same conditions previously entered at the time of sentencing.

The Magistrate Judge requests that Ms. Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable David F. Hamilton, Chief Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Baker stipulated in open court waiver of the following:

  1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

  2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Baker entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate

Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Tristen Anthony Baker's supervised release.

IT IS SO RECOMMENDED this 19th day of February, 2009.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana


Distribution:

Brad Shepard,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,  IN 46204

U. S. Parole and Probation

U. S. Marshal